DOWNEY BRAND LLP
KEVIN M. SEIBERT (Bar No. 119356)
GREGORY T. BRODERICK (Bar No. 220871)
MEGHAN M. BAKER (Bar No. 243765)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:     (916) 444-1000
Facsimile:      (916) 444-2100
kseibert@downeybrand.com
gbroderick@downeybrand.com
mbaker@downeybrand.com

Attorneys for Plaintiff
CERF SPV I, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERF SPV I, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>Cherokee Investment Partners III, L.P., a Delaware limited partnership; Cherokee Investment Partners III Parallel Fund, L.P., a Delaware limited partnership,<br><br>    Defendants. | Case No.  2:10-cv-02670-LKK-JFM<br><br>**STIPULATION AND ORDER TO ALTER OR AMEND SCHEDULING ORDER.** |

Plaintiff CERF SPV I, LLC ("Plaintiff") and Defendants Cherokee Investment Partners III, L.P., and Cherokee Investment Partners III Parallel Fund (collectively, "Defendants") hereby jointly stipulate and seek leave to alter or amend the Scheduling Order in this matter. The original Scheduling Order (Dkt. No. 14) was entered in this matter on January 18, 2011. The case has substantially advanced; for example, the time for percipient and expert discovery has closed and the parties have fully briefed their respective dispositive motions. In fact, the only dates that remain on the pretrial calendar (other than those set by rule) are for the following: (1) a hearing on the dispositive motions (currently set for May 7, 2012); (2) the Final Pretrial Conference (currently set for June 25, 2012); and (3) Trial (currently set for the original trial date of August 21, 2012).

Given the substantial progress of this case, the disputes between the parties have been

focused and the parties have made significant progress in settlement. In fact, the parties have agreed on major settlement terms, and are making progress towards a final settlement agreement. Given the issues related to contaminated property in this case, however, it has become apparent that full resolution requires the involvement of the state Department of Toxic Substances Control ("DTSC"). The parties may also seek input from the non-party property owner, Cherokee Simeon Ventures I, LLC ("CSV"). Neither CSV nor DTSC are parties to this litigation. Plaintiff and Defendants have engaged the key non-parties in discussion, but it is apparent that resolution of the remaining issues will require more time than is provided by the current Pretrial Schedule and Trial Date of August 21, 2012.

This case involves a dispute about a loan made by Plaintiff to non-party CSV to, in part, remediate a property contaminated by non-party Zeneca, Inc. ("Zeneca") and its predecessors. The loan was the subject of a Guaranty by Defendants, and Plaintiff sued for the alleged breach of that Guaranty. Plaintiff's damages demand exceeds $30 million, although Defendants dispute both liability and damages.

On March 15, 2012, eleven representatives from Plaintiff, Defendants, CSV, and Zeneca, met to engage in formal settlement negotiations. An agreement was not reached on that date, but the parties made significant progress towards reaching a framework for an agreement. Since that time, Plaintiff and Defendants have pursued independent discussions and have reached a conceptual resolution. But the feasibility and finalization of that resolution will require action by DTSC as the regulator of this property. Action by CSV and Zeneca may also be necessary. In short, it will take time to coordinate a resolution among four private parties and a state agency.

Therefore, to provide the parties additional time to seek a full resolution before trial, Plaintiff and Defendants jointly request an extension of the trial date *for the first time*, as well as an extension of the pretrial dates, as follows:

/ / /

/ / /

/ / /

/ / /

| Event | Current Date | Proposed Date |
|---|---|---|
| Dispositive Motion Hearing | May 7, 2012 | July 23, 2012 |
| Final Pretrial Conference | June 25, 2012 | September 10, 2012; 3 p.m. |
| Settlement Conference | To be set at Pretrial Conference | |
| Trial | August 21, 2012 | December 4, 2012 |

Chambers' staff has indicated that the above dates are available, although it is clear that the Scheduling Order cannot be altered without the approval of the Court itself. The only modification from the dates pre-cleared with Chambers' staff is the July 23, 2012, hearing date, as Defendants' counsel is unavailable on the originally suggested hearing date of July 7, 2012, and several days thereafter.

In light of the progress made in the settlement negotiations, the parties believe that a continuance to further pursue settlement could result in resolution, conserving the resources of the parties and the Court. A settlement, if it occurs, could also result in a more expedited remediation of the underlying contaminated property, which is surely in the interest of all parties, regulatory agencies, and the public. Thus, good cause exists for the requested extension of the pretrial and trial dates.

DATED: May 2, 2012            DOWNEY BRAND LLP

                              By: */s/  Gregory T. Broderick*
                                      GREGORY T. BRODERICK
                                        Attorney for Plaintiff


DATED: May 2, 2012            WENDEL ROSEN BLACK & DEAN, LLP

                              By: /s/ *Steven Morger* (as authorized on May 2, 2012)
                                      STEVEN M. MORGER
                                        Attorney for Defendants

1  ORDER

2  Pursuant to the joint stipulation of the parties, and good cause appearing, the Scheduling

3  Order is amended as follows:

| Event | Date |
|---|---|
| Dispositive Motion Hearing | July 23, 2012 at 10:00 a.m. |
| Final Pretrial Conference | September 10, 2012; 3 p.m. |
| Settlement Conference | |
| Trial | December 4, 2012 at 10:30 a.m. |

12  IT IS SO ORDERED.

15  DATED:  May 3, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT